UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Emmanuel Kwaku Boamah,**

    **Petitioner,**

    **v.**

**United States of America,**

    **Respondent.**

**Case No. 2:16-cv-996**
**Crim. No. 2:13-cr-126(2)**
**JUDGE MICHAEL H. WATSON**
**MAGISTRATE JUDGE JOLSON**

## OPINION AND ORDER

On November 18, 2016, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that all of Petitioner's claims, with the exception of his claim that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001) be dismissed. R&R, ECF No. 152. Petitioner has filed an objection to the Magistrate Judge's R&R. Obj., ECF No. 156. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's objection, ECF No. 156, is **OVERRULED**. The R&R, ECF No. 152, is **ADOPTED** and **AFFIRMED**. All of Petitioner's claims, with the exception of Petitioner's claim under *Zadvydas,* are hereby **DISMISSED**.

On April 22, 2014, pursuant to the terms of his negotiated plea agreement, Petitioner pleaded guilty to conspiracy to commit access device fraud. The Court imposed a term of sixteen months' imprisonment to be followed by three years of supervised release. On February 6, 2015, Petitioner's appeal was voluntarily dismissed. In this case, Petitioner asserts that he was denied the effective assistance of counsel and that his guilty plea was not knowing, intelligent, or voluntary, because he

did not know and was not informed about the potential immigration consequences of his guilty plea. According to Petitioner, had he been advised that his guilty plea may result in his deportation, he would not have pleaded guilty but would rather have proceeded to trial. The Magistrate Judge recommended dismissal of this claim as barred by the one-year statute of limitations under 28 U.S.C. § 2255(f). To the extent that Petitioner attempts to challenge his removal order, the Magistrate Judge recommended dismissal of such claim based on this Court's lack of jurisdiction to consider the issue. The Magistrate Judge additionally recommended that Petitioner's motion under the All Writs Act be denied.

Petitioner objects to the Magistrate Judge's recommendations. Petitioner again argues that he could not have discovered, acting with due diligence, the factual predicate for his claim until February 9, 2016, when immigration officials informed him that he would be subject to removal proceedings. Petitioner maintains that his removal from the United States will constitute a manifest injustice. He argues at length that *Padilla v. Kentucky*, 559 U.S. 356 (2010) (holding that a failure to advise a criminal defendant of the immigration consequences of his guilty plea constitutes ineffective assistance of counsel), should be retroactively applied. He also again asserts that relief is warranted under the All Writs Act.

Petitioner's arguments are not persuasive. As detailed in the Magistrate Judge's R&R, and contrary to Petitioner's allegation here, the record reflects that Petitioner repeatedly acknowledged that he understood that he may be subject to deportation as a result of his guilty plea but nonetheless wanted to plead guilty. Petitioner's uncertain immigration status, and the possibility that his conviction would result in deportation

proceedings was explicitly addressed on the record at the time of his guilty plea. Petitioner indicated that he understood. Therefore, Petitioner knew, or should have known, of the factual predicate for his claim at the time of sentencing. This case does not involve an issue regarding retroactive application of *Padilla*.[1] Moreover, as previously discussed, this Court is without the authority to review Petitioner's order of removal. See *Krninova v. Holder*, No. 2:09–cv–577, 2010 WL 1253972, at *1 (S.D. Ohio March 23, 2010) (referring to the REAL ID Act, 8 U.S.C. 1252).

For these reasons and for the reasons discussed in the Magistrate Judge's R&R, Petitioner's objection, ECF No. 156, is **OVERRULED**. The R&R, ECF No. 152, is **ADOPTED** and **AFFIRMED**. All of Petitioner's claims, with the exception of his claim that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), are hereby **DISMISSED**.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
**UNITED STATES DISTRICT COURT**

---

[1] The United States Supreme Court has held that *Padilla* is not to be retroactively applied to cases on collateral review. *Chaidez v. United States*, —— U.S. ——, 133 S. Ct. 1103 (2013).