# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

EMMANUEL KWAKU BOAMAH,

        Petitioner,

  v.

USA,

        Respondent.

Crim No. 2:13-CR-00126
Case No. 2:16-CV-00996
JUDGE MICHAEL H. WATSON
Magistrate Judge Jolson

## REPORT AND RECOMMENDATION AND ORDER

Petitioner Emmanuel Kwaku Boamah is in the custody of the United States Immigration and Customs Enforcement ("ICE"), awaiting deportation to his home country of Ghana. He has been in custody since March 11, 2016, and seeks release via his petition for habeas corpus filed as a Motion for Emergency Hearing for Petition to Vacate under 28 U.S.C. § 2255 ("the Petition"). (Doc. 151). For the following reasons, the undersigned **RECOMMENDS DENYING** the Petition and **DIMISSING** this action. In addition, the undersigned **DENIES** Petitioner's Motion to Appoint Counsel. (Doc. 158).

### I.    BACKGROUND

Petitioner is a native and citizen of Ghana, and was admitted to the United States as a lawful permanent resident on or about August 29, 1996 at New York, New York. (Doc. 155-1, *Affholter Decl.*, Exhibit A, ¶¶ 3–4). On April 22, 2014, pursuant to the terms of a negotiated Plea Agreement, Petitioner pleaded guilty to conspiracy to commit access device fraud, in violation of 18 U.S.C. § 371. (Doc. 82, 93). The Court imposed a sentence of 16 months imprisonment, followed by a three-year term of supervised release. (Doc. 125). Based upon this conviction, a Notice to Appear ("NTA") was issued on March 9, 2016, charging Petitioner as removable under 8 U.S.C.

§ 1227(a)(2)(A)(iii)/§1101(a)(43)(M)(i) (conviction for an aggravated felony, crime of fraud or deceit with a loss greater than $10,000). (Doc. 155-1, ¶ 6). On March 11, 2016, Petitioner was taken into ICE custody. On May 17, 2016, an Immigration Judge issued a decision sustaining removability under 8 U.S.C. § 1227(a)(2)(A)(iii)/§ 1101(a)(43)(U), and on September 27, 2016, Petitioner was ordered removed from the United States to Ghana. (*Id.* at ¶ 9) Petitioner reserved his right to appeal but did not file an appeal of his removal order, rendering his removal order final as of October 29, 2016, pursuant to 8 C.F.R. § 1003.39 ("…the decision of the Immigration Judge becomes final…upon expiration of the time to appeal if no appeal is taken…".) (*Id.* at ¶ 10). He is currently detained by ICE at the Butler County Jail in Hamilton, Ohio. (*Id.* at ¶ 7.)

On October 17, 2016, Petitioner filed the instant habeas corpus petition. In the Petition, he states that he has been in ICE custody since February 9, 2016, pursuant to an order of removal issued on September 27, 2016, based on his underlying conviction in this case. (Doc. 151). Petitioner alleges that he held a valid United States passport at the time of his guilty plea and thus he had no reason to believe that he was not an American citizen or that he would be subject to deportation as a result of his guilty plea. (*Id.* at 3). Petitioner also states that he did not learn until December 21, 2015, after being released from prison, that his passport was being revoked because it was issued in error. Petitioner challenged his conviction under 28 U.S.C. § 2255. (*Id.* at 3–4). He also sought relief under the All Writs Act of 28 U.S.C. § 1651. (*Id.* at 7). Further, Petitioner asserted that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 3d 653 (2001), because his removal to Ghana is not significantly likely to occur in the reasonably foreseeable future in view of his status as an American citizen. (*Id.* at 9).

On November 18, 2016, the undersigned issued a Report and Recommendation, recommending that all of Petitioner's claims, with the exception of his claim that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678, be dismissed. (Doc. 152). The Court further

directed the United States of America to file a response to Petitioner's claim under *Zadvydas* in accordance with the provisions of Rule 5(a), Rules Governing Section 2255 cases in the United States District Courts. (*Id.*). The United States complied with the Order, filing a response on December 8, 2016. (Doc. 155). On January 6, 2017, the District Judge adopted the Report and Recommendation (Doc. 156), and Petitioner did not appeal. Accordingly, only Petitioner's claim under *Zadvydas* is before the Court.

## II. DISCUSSION

### A. Motion for Emergency Hearing for Petition to Vacate Under § 2255[1]

#### 1. Standard

Under 8 U.S.C. § 1226, the Attorney General may arrest and detain an alien pending a decision on whether the alien is to be removed from the United States ("the pre-removal period"). During the pre-removal period, detention without release on bond is mandatory for certain classes of noncitizens. *See* 8 U.S.C. §§ 1226(c)(1) and (2). The pre-removal period begins when the petitioner is taken into ICE custody and continues until he receives an administratively final order of removal. An order of removal becomes administratively final upon "a determination by the Board of Immigration Appeals affirming such order." 8 U.S.C. § 1101(a)(47)(B)(i).

After an order of removal becomes administratively final, 8 U.S.C. § 1231(a)(1) provides that "the Attorney General shall remove the alien from the United States within a period of 90 days." The statute also provides, however, that the United States may detain an alien beyond this statutory period. *See* 8 U.S.C. § 1231(a)(6). That power is not unlimited. In *Zadvydas*, 533 U.S. 678, the Supreme Court interpreted the statute to prohibit continued detention "once removal is no

---

[1] As an initial matter, Petitioner's claim pursuant to *Zadvydas* should have been styled as a petition under 28 U.S.C. § 2241. The undersigned re-characterizes it as such and reaches the merits of the claim.

longer feasible . . . " *Id.* at 699.  The Court further found that detention of an alien subject to removal is "presumptively reasonable" for up to six months given the time needed to accomplish removal. *Id.* at 701.  "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*  Detention beyond six months, however, does not, by itself, mean that the alien must be released. *Id.*

      2.   *Application*

Here the undersigned recommends denying the Petition for two reasons.  First, it has not yet been six months.  As Respondent noted (Doc. 155 at 4)—and Petitioner does not dispute—Petitioner's Order of Removal became final on October 29, 2016.  (*See* Doc. 155 at 4).  As such, the Attorney General's six-month window has not closed.  For this reason alone, the undersigned recommends dismissing the Petition because the detention is presumptively reasonable.

Second, even if the six-month mark had passed, Petitioner would need to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]"  *Zadvydas*, 533 U.S. at 701.  Petitioner has made no such showing, and the United States has offered contrary evidence.  Specifically, ICE Agent Affholter has sworn that the Department of Homeland Security has begun efforts to secure travel documents to Ghana; the travel document request remains pending; as a general matter, there are no impediments to removing aliens to Ghana; and "it is significantly likely that [Petitioner] can and will be removed from the United States in the reasonably foreseeable future." (Doc. 155-1, ¶¶ 11–12).  Petitioner has not challenged any of these sworn statements or provided contrary evidence.  As such, he has not met his burden.  *See Nisar Najmuddin Mulla v. Adducci*, 178 F. Supp. 3d 573, 577 (E.D. Mich. 2016) (dismissing petition because petitioner failed to show that there was "good reason" to believe he would not be deported in the "reasonably foreseeable future") (quotation marks

4

omitted); *Yong Ho Nam v. Dewalt*, No. 06-cv-112, 2006 U.S. Dist. LEXIS 86004, at *9 (E.D. Ky. Nov. 15, 2006) (dismissing case where the petitioner had "failed to state any facts or legal grounds establishing or even suggesting that his current detention is illegal"). For these reasons, the undersigned recommends denying the Petition.

### B. Motion to Appoint Counsel (Doc. 158)

Because Petitioner's claims lack merit, the Court denies Petitioner's Motion to Appoint Counsel (Doc. 158). *See McCleskey v. Zant*, 499 U.S. 467, 495, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1987)).

### III. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Emergency Hearing for Petition to Vacate under 28 U.S.C. § 2255 (Doc. 151) be **DENIED** and this action be **DISMISSED**. In addition, Petitioner's Motion to Appoint Counsel (Doc. 158) is **DENIED**.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: March 17, 2017                     /s/Kimbery A. Jolson
                                         KIMBERLY A. JOLSON
                                         UNITED STATES MAGISTRATE JUDGE